UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JIMMY LEROY RAMSEYER,

        Petitioner,

v.

DICK SMELSER,

        Respondent.

Case No. C05-5006FDB

ORDER DISMISSING PETITION

In summary, Petitioner was convicted of first degree murder and second degree assault by a jury in Clark County Superior Court. Petitioner appealed, the conviction was upheld, except for a direction that he be resentenced within the standard range, which Petitioner again appealed. The Court of Appeals affirmed the resentencing as well as the conviction and the Washington Supreme Court denied his petition for review. Petitioner then filed this cause of action asserting five grounds for *habeas corpus* relief.

The Magistrate Judge recommends that Petitioner's *habeas corpus* petition be dismissed because the decisions of the state courts were not "contrary to, or involved an unreasonable application of, clearly established federal law," nor were they "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner has filed objections.

The Magistrate Judge thoroughly analyzed each of the Petitioner's contentions. Petitioner presents his arguments anew in his objections. The Court, however, agrees with the Magistrate Judge's analysis and adopts the Report and Recommendation.

ORDER
Page - 1

1. Fifth Amendment Right against Self-incrimination.

Petitioner argues that the Magistrate Judge, like the Washington courts, wrongly concluded that the unequivocal request was limited to the taped portion of the interrogation. Petitioner contends that once he indicated in any manner during questioning that he wanted to consult with his attorney, the interrogation must cease until the attorney is present or until the petitioner reinitiates the conversation.

The Washington State Court of Appeals upheld the trial court on this issue and stated in relevant part:

> Ramseyer evinced a desire to continue answering questions that he thought he could answer without having an attorney present. His statement, "I'd rather have an attorney for that one." was not an unambiguous request for counsel. The trial court did not err in allowing the non-taped portion of the interview.

The Court agrees with the Magistrate Judge that Petitioner has failed to meet his burden of rebutting "by clear and convincing evidence" the presumption that the state trial court's factual finding regarding the voluntariness and scope of his request for counsel was correct.

2. Allegation of Falsified Reports, *inter alia*, in Violation of Fifth and Fourteenth Amendment

Petitioner contends that police documents were withheld from him, but the record indicated that Petitioner was aware of the documents, that pretrial stipulated facts were based upon the documents, and the Magistrate Judge concluded that there is no evidence that the state actively prevented him from getting access to the police reports and search warrant affidavit.

Petitioner also contends that he did not voluntarily make the statements attributed to him in the police reports. There was, however, a pretrial hearing, where Petitioner was present, on the voluntariness of the statements that petitioner made to the police. As to Petitioner's claim of lack of trustworthiness of the statements attributed to him in the police reports, the Magistrate Judge questioned that this claim had been exhausted, but went on to conclude that even if it had been exhausted, the state met the requisite level of corroboration of the accused's statements. At trial, the state showed through witness testimony and forensic and other physical evidence that Petitioner was the one who shot and killed Mr. Beckstead, and Petitioner testified at trial and gave his version of what happened. It was the jury's duty to determine the credibility of the witnesses. The Magistrate Judge reached the correct conclusion on this issue.

3. Pretrial Stipulated Facts

Petitioner argues that the trial court's ruling that the stipulated facts were for the purpose of

ORDER
Page - 2

determining whether self-defense applied and not for trial use was unreasonable. The trial court ruled prior to trial that if the defendant – here, the Petitioner – testified consistently with the stipulated facts that he would be entitled to a self-defense instruction, but that the State would be entitled to a provocation instruction. At the sentencing hearing, the trial court explained to Petitioner, "You totally misconstrue the significance of the stipulated facts" and went on to further to explain: "The stipulated facts were – was a stipulation of what facts would be presented by the Defense on the issue of self-defense. It was not a stipulation as to what facts would be presented or argued by the prosecutor."

The Magistrate Judge correctly concluded that the state courts did not reach a conclusion that was contrary to law or an unreasonable determination of the facts in the light of the evidence presented.

### 4.  Allegation of Perjured Testimony

Petitioner contends that the police admitted that Beckstead simply kept his gun in his lap, while the Supreme Court said that Beckstead pointed his pistol at Petitioner and fired two warning shots. The Magistrate Judge examines this issue on pages 16 and 17 of her Report and concludes that the State courts' decision in the issue was not unreasonable nor contrary to law in light of the facts, as the detectives' testimony was consistent with each other at trial and that there was no showing that either gave false testimony. This Court agrees with the Magistrate Judge.

### 5.  Counsel's Alleged Conflict of Interest

Petitioner argues that a conflict of interest exists not only when counsel represents several clients, but also when the client's interests collide with his attorney's interests, and cites *Frazer v. U.S.*, 18 F.3d 778 (9th Cir. 1994). Petitioner contends after the trial court's rejection of the "heat of passion" defense based on adultery and rage because of its inappropriateness in view of Washington's statutory definition of homicide, and the Court's granting Petitioner "self-defense," Petitioner's counsel refused zealously to advocate Petitioner's interest and turned into an adversary for the state.

The Magistrate Judge concluded that Petitioner submitted evidence that there was disagreement between Petitioner and defense counsel over trial strategy, but not an irreconcilable conflict of interest. The Court of Appeals concluded that the fact that Ramseyer prevailed and the theory put forth at trial was self-defense suggests that the conflict was not irreconcilable. The alleged failure to put the "stipulated facts" into evidence is not evidence to the contrary; as discussed above, the stipulated facts were to

determine whether self-defense could appropriately be asserted at all. Under these circumstances, the Magistrate Judge correctly concluded that Petitioner did not show that there was an unreconcilable conflict of interest.

The Court, having reviewed the petition for *habeas corpus*, the Report and Recommendation of Judge Karen L. Strombom, United States Magistrate Judge, Petitioner's objections, and the remaining record, does hereby find and Order:

(1) The Court adopts the Report and Recommendation.

(2) Petitioner's federal petition for writ of *habeas corpus* is DENIED.

(3) Petitioner's Motion for Extension of Time to File Objection to the Report and Recommendation (Dkt. # 48) is GRANTED;

(4) The Clerk is directed to send copies of this Order to petitioner and to Judge Strombom.

DATED this 25th day of October 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE