HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIMMY LEROY RAMSEYER, | CASE NO. C05-5006RBL |
| Petitioner, | ORDER |
| v. | |
| DICK SMELSER, | |
| Respondent. | |

THIS MATTER is before the Court on Petitioner Ramseyer's "Motion for Extension of Time to file Motion for Independent Action to Determine Validity of Washington's Procedural Bar Statute" [Dkt. #68]. Ramseyer asks the Court for an extension of time to file his Rule 60 Motion, and, if that is granted, to "reverse" the Washington Supreme Court's order determining that his state court Rule 60 motion was time-barred. He asks this Court to "remand" the case to the Washington Supreme Court to "define the difference between jurisdictional rule and claim processing rules." Dkt. # 68 at 22].

Ramseyer's 38 page motion is a re-hash of the 1997 jury trial that led to his conviction for murder. By his own count, Ramseyer has filed five petitions for post-trial relief, and he

ORDER - 1

concedes that he has failed at each step. This habeas case was filed in 2005, and Ramseyer's Petition was denied more than ten years ago. [*See* Dkt. #s 49 and 51]. The Ninth Circuit dismissed his appeal as moot because he was pursuing his claims in a different case. See Dkt. #s 64 and 65].

The current Motion is both untimely and futile. This Court cannot "reverse" the Washington Supreme Court, and it cannot "remand" this federal case to that Court with "instructions" on how to resolve it. This Court cannot and will not review or reverse decisions made in state court. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S. Ct. 1517, 1521, 161 L. Ed. 2d 454 (2005). [W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003); *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2008).

The Motion is DENIED.

IT IS SO ORDERED.

Dated this 15th day of November, 2017.

_____
Ronald B. Leighton
United States District Judge